//

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

            Plaintiff,

v.

D-1 SHARODNEY HARRISON,
D-2 SEANDREA CRAWFORD,
D-3 SHARRELL HARRISON,
D-4 SHA-RON HARRISON,
D-5 SHAREASE HARRISON,
D-6 EDWARD TAYLOR,
D-7 JAMES MAYFIELD,
D-8 FRANK JENNINGS,
D-9 SHARONDA GRIFFIN,

            Defendants.

Case:5:21-cr-20510
Judge: Levy, Judith E.
MJ: Stafford, Elizabeth A.
Filed: 08-05-2021 At 03:45 PM
INDI USA V. SEALED MATTER (DA)

Violation:  18 U.S.C. § 1349

## INDICTMENT

THE GRAND JURY CHARGES THAT:

### GENERAL ALLEGATIONS

At times relevant to this Indictment:

**Unemployment Insurance Program**

1.    The Social Security Act of 1935 initiated the federal and state unemployment insurance (UI) system. The system provides benefits to individuals who are unemployed for reasons beyond their control. The purpose of the UI system is twofold: first, to lessen the effects of unemployment through cash payments made directly to laid-off workers, and second, to ensure that life necessities are met on a weekly basis while the worker seeks employment. In Michigan, the UI system is

1

administered by the Michigan Unemployment Insurance Agency (MUIA), which is part of the Michigan's Department of Labor and Economic Opportunity. Other States administer their UI programs through similar state-run agencies. Regardless of state, the U.S. Department of Labor funds each of the respective state agency's administrative costs, including salaries, office expenses, and computer equipment.

2.     State unemployment systems and benefits are largely financed by taxes on private employers located in that state. When state unemployment benefits are exhausted, they may be supplemented by federal funds appropriated by the U.S. Department of Labor. At times relevant to this indictment, the federal government was providing significant supplemental benefits to the states as a result of the COVID-19 pandemic.

3.     Beginning in or about March 2020 and continuing through the present, the Families First Coronavirus Response Act (FFCRA); Coronavirus Aid, Relief, and Economic Security (CARES) Act; and American Rescue Plan Act of 2021 (ARPA) have created federal programs that allowed for the significant outlay of federal funds flowing to and through the states to offset the historic need for unemployment benefits by the American workforce, including in the State of Michigan and in the Eastern District of Michigan. Collectively, these benefits are often referred to as Pandemic Unemployment Assistance (PUA).

4.     Normally, in the absence of fraud, an unemployed worker initiates an UI claim in person, over the telephone, or on the Internet. Currently, the overwhelming majority of UI claims are filed online through a state website. In order

2

to be eligible for UI benefits, the worker must demonstrate a certain level of earnings in several quarters immediately preceding the application. The amount of unemployment benefits that a UI claimant might be eligible for depends on a variety of factors, including but not limited to the length of his or her previous employment and the amount of wages he or she earned.

5. The state agency will either approve or reject a UI claim based on the application made by the unemployed worker. If the state agency approves a UI claim, the claimant is required to re-certify the claim via telephone or Internet at various times during the life of the claim. The worker must also certify that he or she is still unemployed and actively seeking work.

6. One way in which the State of Michigan provides unemployment benefits to a claimant is through the use of a debit card, issued by the Bank of America, which is mailed to the claimant through the U.S. Postal Service. The unemployment benefits are loaded onto the debit card electronically. Alternatively, a worker can provide the state agency with a bank routing number and bank account, and Bank of America will deposit their unemployment benefits directly. In either case, additional benefits are loaded electronically by Bank of America at intervals thereafter.

7. The Bank of America centers used to process Michigan's UI claims are located in Virginia and Texas, so claims filed in Michigan result in interstate wire transmissions from the state of Michigan to the states of Virginia or Texas to initiate payment of benefits.

8.     When a claimant using an internet protocol (IP) address registered in Michigan files a claim with an out-of-state UI agency, the servers used to process those claims are located outside the state of Michigan.  For example, a California claim filed from an IP address registered to a Michigan residence will be processed through a server located outside of the state of Michigan.

9.     In an effort to prevent and otherwise inhibit fraud, the state agencies capture certain data surrounding the interaction between an individual and the UI system.  Although states utilize their own unique systems, many times the data that is collected includes the dates, times, and IP address associated with a device accessing a claim. The state systems tie this information to the user-entered information captured to facilitate the claim (i.e. name, address, social security number, Bank of America or other bank account numbers, bank routing numbers, etc.).

### The Defendants and Relevant Individuals

10.     Defendant SHARODNEY HARRISON was a resident of the Eastern District of Michigan.

11.     Defendant SEANDREA CRAWFORD was a resident of the Eastern District of Michigan.

12.     Defendant SHARRELL HARRISON was a resident of the Eastern District of Michigan.

13.     Defendant SHA-RON HARRISON was a resident of the Eastern District of Michigan.

4

14.     Defendant SHAREASE HARRISON was a resident of the Eastern District of Michigan.

15.     Defendant EDWARD TAYLOR was a resident of the Eastern District of Michigan.

16.     Defendant JAMES MAYFIELD was a resident of the Eastern District of Michigan.

17.     Defendant FRANK JENNINGS was a resident of the Eastern District of Michigan.

18.     Defendant SHARONDA GRIFFIN was a resident of the Eastern District of Michigan.

### Purpose of the Scheme to Defraud

19.     The purpose of the scheme to defraud was to obtain money by, among other things, submitting fraudulent UI claims.

### The Scheme to Defraud

20.     Between on or about February 1, 2020, to on or about January 26, 2021, SHARODNEY HARRISON devised a scheme to defraud several states and the federal government by filing fraudulent UI claims using the personal information of individuals without their knowledge or consent, or who were not eligible to receive benefits, or both.

21.     SHARODNEY HARRISON conspired with other individuals to assist with and participate in his scheme.  Among the actions taken by those individuals to further the goals of the scheme were: (1) creating email accounts to link with UI

5

claims; (2) submitting fraudulent UI claims; (3) re-certifying the UI claims; (4) using

their telephone numbers to verify identity of the fraudulent claims; (5) creating

online bank accounts in which the UI benefits were deposited; (6) collecting mail

for the UI claims; and (7) collecting mail with pre-paid cards on which UI benefits

had been deposited.    SHARODNEY HARRISON and other members of the

conspiracy shared information about filing fraudulent UI claims and worked together

to file fraudulent UI claims.    In return for their assistance, SHARODNEY

HARRISON would promise to pay individuals using proceeds from the fraud

scheme.

22.    In furtherance of the scheme, SHARODNEY HARRISON and the

other individuals involved in this scheme communicated via text message and

telephone.

## COUNT ONE
### 18 U.S.C. § 1349
*Conspiracy to Commit Wire Fraud*

D-1 SHARODNEY HARRISON,
D-2 SEANDREA CRAWFORD,
D-3 SHARRELL HARRISON,
D-4 SHA-RON HARRISON,
D-5 SHAREASE HARRISON,
D-6 EDWARD TAYLOR,
D-7 JAMES MAYFIELD,
D-8 FRANK JENNINGS,
D-9 SHARONDA GRIFFIN.

23.    Paragraphs 1 through 22 of this Indictment are realleged and

incorporated by reference as though fully set forth herein.

24.     From on or about February 1, 2020, to on or about January 26, 2021, in the Eastern District of Michigan, and elsewhere, the defendants, SHARODNEY HARRISON, SEANDREA CRAWFORD ("CRAWFORD"), SHARRELL HARRISON, SHA-RON HARRISON, SHAREASE HARRISON, EDWARD TAYLOR ("TAYLOR"), JAMES MAYFIELD ("MAYFIELD"), FRANK JENNINGS ("JENNINGS"), and SHARONDA GRIFFIN ("GRIFFIN"), did knowingly, intentionally, and willfully combine, conspire, confederate, and agree with each other and other individuals, both known and unknown to the Grand Jury, to commit wire fraud, that is, knowingly, willfully, and with the intent to defraud, having devised and intending to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing such pretenses, representations, and promises were false and fraudulent when made, transmit and cause to be transmitted, by means of wire, radio, and television communication, writings, signals, pictures, and sounds in interstate and foreign commerce for the purposes of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

### Object of the Conspiracy

25.     The object of the conspiracy was the same as the purpose of the scheme to defraud set forth in Paragraph 19 of this Indictment.

### Manner and Means of the Conspiracy

26.     It was part of the conspiracy that some members of the conspiracy, and others known and unknown to the grand jury, created email addresses, designed to

appear to be the legitimate email address of a UI claimant, in furtherance of fraudulent claims.

27.    It was part of the conspiracy that some members of the conspiracy, and others known and unknown to the grand jury, would use their own names and the names of third parties, email addresses, and other personal information, to file fraudulent UI claims, usually without the knowledge or consent of the named claimants.

28.    It was part of the conspiracy that some members of the conspiracy, and others known and unknown to the grand jury, would share information with each other about how to commit UI fraud efficiently and successfully in various jurisdictions.

29.    It was part of the conspiracy that SHARODNEY HARRISON, and others known and unknown to the grand jury, coordinated and arranged for HARRISON to have UI claims information and UI debit cards sent to their home or neighboring addresses.

30.    It was part of the conspiracy that others known and unknown to the grand jury would then alert SHARODNEY HARRISON when UI information or UI debit cards arrived at those addresses.  SHARODNEY HARRISON would then tell those individuals what to do with UI information and debit cards that they received.

31.    It was part of the conspiracy that some members of the conspiracy traveled from Michigan to California from on or about August 25, 2020, to on or about September 4, 2020, to expedite the process of filing fraudulent UI claims in

California.  Believing that they could have California UI claims paid more quickly if California mailing addresses were used for the UI claims, these members of the conspiracy rented an Airbnb located in Los Angeles, California, and used the address of that Airbnb and other California addresses to file fraudulent California UI claims in the days leading up to the trip, and while they were in California.

All in violation of Title 18, United States Code, Section 1349.

### FORFEITURE ALLEGATIONS

32.    Pursuant to Fed. R. Cr. P. 32.2(a), the government hereby provides notice to the defendants of its intention to seek forfeiture of all proceeds, direct or indirect, or property traceable thereto, all property that facilitated the commission of the violations alleged, or property traceable thereto, and all property involved in, or property traceable thereto, of the violations set for in this Indictment.

33.    Substitute Assets:  If the property described above as being subject to forfeiture, as a result of any act or omission of Defendants:

    a. Cannot be located upon the exercise of due diligence;

    b. Has been transferred or sold to, or deposited with, a third party;

    c. Has been placed beyond the jurisdiction of the Court;

    d. Has been substantially diminished in value; or

    e. Has been commingled with other property that cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c).

THIS IS A TRUE BILL

*s/ Grand Jury Foreperson*
Grand Jury Foreperson

SAIMA S. MOHSIN
Acting United States Attorney

John K. Neal
Assistant United States Attorney
Chief, White Collar Crime Unit

*s/ Mark Chasteen*
Mark Chasteen
Meghan Sweeney Bean
Assistant United States Attorneys

Dated:  August 5, 2021

| United States District Court<br>Eastern District of Michigan | **Criminal Case Cove** | Case:5:21-cr-20510<br>Judge: Levy, Judith E.<br>MJ: Stafford, Elizabeth A.<br>Filed: 08-05-2021 At 03:45 PM<br>INDI USA V. SEALED MATTER (DA) |

**NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.**

| Companion Case Information | Companion Case Number: |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | Judge Assigned: |
| ☐ Yes    ☒ No | AUSA's Initials: *M̶C̶* |

**Case Title:** USA v.  SHARODNEY HARRISON, et al

**County where offense occurred :** Wayne County

**Check One:**     ☒ **Felony**          ☐ **Misdemeanor**          ☐ **Petty**

    ___✓___ Indictment/____ Information --- **no** prior complaint.

    _____ Indictment/____ Information --- based upon prior complaint [Case number:                    ]

    _____ Indictment/____ Information --- based upon LCrR 57.10 (d) *[Complete Superseding section below]*.

## Superseding Case Information

**Superseding to Case No:** _____     **Judge:** _____

☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☐ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|
| | | |

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.**

August 5, 2021
Date

Mark Chasteen
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226-3277
Phone:313-226-9555
Fax:   313-226-2873
E-Mail address: Mark.Chasteen@usdoj.gov
Attorney Bar #:

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.