UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    PLAINTIFF,

V.

D-9 SHARONDA GRIFFIN,

    DEFENDANT.

HON. JUDITH E. LEVY

CASE NO. 21-20510

_____/

# Plea Agreement

The United States of America and the defendant, Sharonda Griffin, have reached a plea agreement under Federal Rule of Criminal Procedure 11. The plea agreement's terms are:

**1.  Counts of Conviction**

The defendant will plead guilty to Count 1 and Count 3 of the superseding indictment. Count 1 charges the defendant with conspiracy to commit wire fraud under 18 U.S.C. § 1349. Count 3 charges the defendant with aggravated identity theft, aiding and abetting, under 18 U.S.C. §§ 1028A(a)(1), 2.

**2.  Statutory Minimum and Maximum Penalties**

The defendant understands that the counts to which she is pleading guilty carry the following minimum and maximum statutory penalties:

| Count 1 | Term of imprisonment: | Up to 20 years |
|---|---|---|
| | Fine: | Up to $250,000 |
| | Term of supervised release: | Up to 3 years |
| Count 3 | Term of imprisonment: | Mandatory 2 years, consecutive to any other sentence |
| | Fine: | Up to $250,000 |
| | Term of supervised release: | Up to 1 year |

The defendant understands that Count 3 requires a mandatory sentence of 2 years' imprisonment, to run consecutively to her sentence of imprisonment on any other count of conviction, and that the Court may not impose a sentence on that count below the mandatory minimum.

**3. Elements of Count of Conviction**

The elements of Count 1 are:

　　a. Conspiracy to Commit Wire Fraud (18 U.S.C. § 1349)
　　　　i. Two or more persons agreed to try to accomplish a common and unlawful plan to commit wire fraud.
　　　　ii. The defendant knowingly and voluntarily joined the conspiracy.
　　b. Wire Fraud (18 U.S.C. § 1343)
　　　　i. The defendant or a co-conspirator devised a scheme to defraud or to obtain money or property by materially false or fraudulent pretenses, representations or promises;

  ii. The scheme included a material misrepresentation or concealment of a material fact;

  iii. The defendant or a co-conspirator acted with the intent to defraud; and

  iv. In advancing, furthering, or carrying out the scheme, the defendant or a co-conspirator transmitted any writing, signal, or sound by means of a wire, radio, or television communication in interstate commerce or caused the transmission of any writing, signal, or sound of some kind by means of a wire, radio, or television communication in interstate commerce.

 The elements of Count 3 are:

  i. That the defendant committed the felony violation charged in Count 1. The violation charged in count 1 is a felony violation listed in 18 U.S.C. § 1028A.

  ii. That the defendant, while aided and abetted by others, knowingly transferred, possessed, or used a means of identification of another person without lawful authority.

  iii. That the defendant knew the means of identification belonged to another person.

  iv. That the transfer, possession, or use was during and in relation to the crime charged in Count 1.

**4.**  **Factual Basis**

The parties agree that the following facts are true, accurately describe the defendant's role in the offense, and provide a sufficient factual basis for the defendant's guilty plea:

With respect to Count 1:

Beginning on or about February 1, 2020, through and including January 26, 2021, in the Eastern District of Michigan and elsewhere, Sharodney Harrison devised a scheme to obtain money by materially false and fraudulent pretenses and

representations, namely to defraud unemployment insurance agencies in several states and the federal government by filing fraudulent unemployment insurance (UI) claims. The scheme involved material misrepresentations and concealment of material facts, in that Harrison and his co-conspirators, with the intent to defraud, used the personal information of individuals without their knowledge or consent, or who were not eligible to receive UI benefits, or both. Harrison conspired with other individuals, including the defendant, Sharonda Griffin, to knowingly assist with and participate in his scheme.

In furtherance of this scheme, Harrison, Griffin, and the other defendants communicated via text message and telephone and met in person, often while in the Eastern District of Michigan. Specifically, Harrison, Griffin, and their co-conspirators communicated via text message to discuss their filing and certification of fraudulent UI claims in various states, and shared tips for how and where to file fraudulent UI claims. One of Griffin's roles in the scheme was to create email accounts using names of real victims that were used to file the fraudulent UI claims. In total, Griffin personally filed or caused to be filed approximately 53 fraudulent UI claims with state UI agencies in Arizona, California, Michigan, and Montana.

As a result of fraudulent claims filed by the defendant and her co-conspirators, wire transmissions were sent from the state of Michigan to data

centers in other states to direct payment of unemployment benefits to the purported claimants. Also as a result of the scheme, state agencies located outside the state of Michigan sent wire transmissions to data centers located in other states to direct payment of unemployment benefits to the purported claimants. Payments from the state agencies were often by means of a debit card that was mailed to the defendant's or her co-conspirators' addresses, or another address designated in the fraudulent claim. In carrying out this scheme, the defendant and her co-conspirators acted with the intent to defraud the state agencies, and concealed or misrepresented material facts in filing the fraudulent claims, namely that the defendant was not the purported claimant and was not authorized to file a claim on behalf of the purported claimant.

Approximately 450 fraudulent UI claims filed in 19 different states have been tied to the conspiracy, with an actual loss of $1,471,599, and a maximum intended loss amount of $4,997,672.

With respect to Count 3:

In furtherance of the conspiracy to commit wire fraud charged in Count 1, while in the Eastern District of Michigan, Griffin while aided and abetted by Sharodney Harrison, without lawful authority, knowingly transferred, possessed, and used a means of identification of victim S.C.—S.C.'s name, date of birth, and social security number—knowing that the means of identification belonged to a

real person. Victim S.C. did not authorize Griffin or Harrison to transfer, possess, or use her name, date of birth, or social security number.

**5. Advice of Rights**

The defendant has read the superseding indictment, has discussed the charges and possible defenses with her attorney, and understands the crimes charged. The defendant understands that, by pleading guilty, she is waiving many important rights, including the following:

A. The right to plead not guilty and to persist in that plea;

B. The right to a speedy and public trial by jury;

C. The right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial;

D. The right to be presumed innocent and to require the government to prove the defendant guilty beyond a reasonable doubt at trial;

E. The right to confront and cross-examine adverse witnesses at trial;

F. The right to testify or not to testify at trial, whichever the defendant chooses;

G. If the defendant chooses not to testify at trial, the right to have the jury informed that it may not treat that choice as evidence of guilt;

H. The right to present evidence or not to present evidence at trial, whichever the defendant chooses; and

    I.    The right to compel the attendance of witnesses at trial.

**6.    Collateral Consequences of Conviction**

The defendant understands that her conviction here may carry additional consequences under federal or state law. The defendant understands that, if she is not a United States citizen, her conviction here may require her to be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant further understands that the additional consequences of her conviction here may include, but are not limited to, adverse effects on the defendant's immigration status, naturalized citizenship, right to vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. The defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty what the additional consequences of the defendant's conviction might be. The defendant nevertheless affirms that the defendant chooses to plead guilty regardless of any immigration or other consequences from her conviction.

**7.    Defendant's Guideline Range**

    **A.    Court's Determination**

The Court will determine the defendant's guideline range at sentencing.

### B. Acceptance of Responsibility

The government recommends under Federal Rule of Criminal Procedure 11(c)(1)(B) that the defendant receive a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a) Further, if the defendant's offense level is 16 or greater and the defendant is awarded the two-level reduction under USSG § 3E1.1(a), the government recommends that the defendant receive an additional one-level reduction for acceptance of responsibility under USSG § 3E1.1(b). If, however, the government learns that the defendant has engaged in any conduct inconsistent with acceptance of responsibility—including, but not limited to, making any false statement to, or withholding information from, her probation officer; obstructing justice in any way; denying her guilt on the offense to which she is pleading guilty; committing additional crimes after pleading guilty; or otherwise demonstrating a lack of acceptance of responsibility as defined in USSG § 3E1.1—the government will be released from its obligations under this paragraph, will be free to argue that the defendant not receive *any* reduction for acceptance of responsibility under USSG § 3E1.1, and will be free to argue that the defendant receive an enhancement for obstruction of justice under USSG § 3C1.1.

### C. Other Guideline Recommendations

The parties also recommend under Federal Rule of Criminal Procedure 11(c)(1)(B) that the following guideline provisions apply:

| USSG § 2B1.1(a)(1) | Fraud base offense level |
|---|---|
| USSG § 2B1.1(b)(1)(H) | Loss over $550,000 |
| USSG § 2B1.1(b)(2)(A)(i) | 10 or more victims |

**D.     Factual Stipulations for Sentencing Purposes**

The parties stipulate that the following facts are true and that the Court may, but is not required to, rely on them in calculating the defendant's guideline range and imposing sentence:

1. The actual loss to state agencies associated with the conspiracy is $1,471,599, and the maximum intended loss is $4,997,672.

2. The defendant and her co-conspirators used the identities of more than ten people without their authorization to file fraudulent unemployment insurance claims.

**E.     Parties' Obligations**

Both the defendant and the government agree not to take any position or make any statement that is inconsistent with any of the guideline recommendations or factual stipulations in paragraphs 7.B, 7.C, or 7.D. Neither party is otherwise restricted in what it may argue or present to the Court as to the defendant's guideline calculation.

### F. Not a Basis to Withdraw

The defendant understands that she will have no right to withdraw from this agreement or withdraw her guilty plea if she disagrees, in any way, with the guideline range determined by the Court, even if that guideline range does not incorporate the parties' recommendations or factual stipulations in paragraphs 7.B, 7.C, or 7.D. The government likewise has no right to withdraw from this agreement if it disagrees with the guideline range determined by the Court.

## 8. Imposition of Sentence

### A. Court's Obligation

The defendant understands that in determining her sentence, the Court must calculate the applicable guideline range at sentencing and must consider that range, any possible departures under the sentencing guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a), and apply any applicable mandatory minimums.

### B. Imprisonment

#### 1. Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the government recommends that the defendant's sentence of imprisonment not exceed the midpoint of the defendant's guideline range as determined by the Court.

### 2. No Right to Withdraw

The government's recommendation in paragraph 8.B.1 is not binding on the Court. The defendant understands that she will have no right to withdraw from this agreement or withdraw her guilty plea if the Court decides not to follow the government's recommendation. The government likewise has no right to withdraw from this agreement if the Court decides not to follow the government's recommendation. If however, the Court rejects or purports to reject any other term or terms of this plea agreement, the government will be permitted to withdraw from the agreement.

### C. Supervised Release

#### 1. Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the parties recommend that the Court impose a two-year term of supervised release.

#### 2. No Right to Withdraw

The parties' recommendation is not binding on the Court. The defendant understands that she will have no right to withdraw from this agreement or withdraw her guilty plea if the Court decides not to follow the parties' recommendation. The defendant also understands that the government's recommendation concerning the length of the defendant's sentence of imprisonment, as described above in paragraph 8.B.1, will not apply to or limit any

term of imprisonment that results from any later revocation of the defendant's supervised release.

### D. Fines

There is no recommendation or agreement as to a fine.

### E. Restitution

The Court must order restitution to every identifiable victim of the defendant's offense. The court will determine at sentencing who the victims are and the amounts they are owed. The government recommends that the defendant shall be jointly and severally liable for and shall receive credit on this restitution obligation for payments made by other defendants who are found to have contributed to the same loss that gave rise to defendant's restitution obligation. If no other defendants are found to have contributed to the same loss as identified here, then defendant shall be solely responsible for this restitution obligation.

The defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. 18 U.S.C. §§ 3612(c) and 3613. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

The defendant agrees to make a full presentence disclosure of her financial status to the United States Attorney's Office by completing a Financial Disclosure Form and the accompanying releases for the purpose of determining her ability to pay restitution and/or a forfeiture money judgment. The defendant agrees to complete and return the Financial Disclosure Form within three weeks of receiving it from government counsel. The defendant agrees to participate in a presentencing debtor's examination if requested to do so by government counsel.

### F. Forfeiture

Pursuant to Fed. R. Crim. P. 32.2, 18 U.S.C. § 981(a)(1)(C) together with 28 U.S.C. § 2461, the defendant agrees to forfeit to the United States any and all property, real or personal, which constitutes proceeds obtained or derived, directly or indirectly, from the defendant's violation of 18 U.S.C. § 1349 as charged in Count One of the superseding indictment.

The defendant also agrees, pursuant to Fed. R. Crim. P. 32.2, 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, to the entry of a personal forfeiture money judgment against her in favor of the United States the amount of $91,974, which represents the amount of proceeds the defendant obtained or derived, directly or indirectly, from her violation of 18 U.S.C. § 1349.

The defendant agrees that the forfeiture money judgment may be satisfied, to whatever extent possible, from any property owned or under the control of the

defendant. To satisfy the money judgment, the defendant explicitly agrees to the forfeiture of any assets she has now, or may later acquire, as substitute assets under 21 U.S.C. § 853(p)(2) and waives and relinquishes her rights to oppose the forfeiture of substitute assets under 21 U.S.C. § 853(p)(1) or otherwise.

The defendant agrees to the entry of one or more orders of forfeiture, including a Preliminary Order of Forfeiture, containing the above referenced forfeiture of proceeds and the forfeiture money judgment, upon application by the United States at, or any time before, her sentencing in this case. The defendant agrees to sign such an order, indicating she consents to its entry if requested to do so by the government. The defendant agrees that the forfeiture order will be final and effective as to her upon entry by the Court.

The defendant waives her right to have a jury determine the forfeitability of her interest in the above identified property as provided by Rule 32.2(b)(5) of the Federal Rules of Criminal Procedure.

The defendant waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, pronouncement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that she understands that the forfeiture of property is part of the sentence that may be imposed in this case

and waives any failure by the Court to advise her of this, pursuant to Rule 11(b)(1)(J), at the time her guilty plea is accepted.

The defendant agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure and/or forfeiture of property covered by this Plea Agreement.

The defendant knowingly, voluntarily, and intelligently waives any statutory and constitutional challenge to the above-described forfeiture including any challenge based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

### G. Special Assessment

The defendant understands that she will be required to pay a special assessment of $200.00, due immediately upon sentencing.

## 9. Appeal Waiver

The defendant waives any right she may have to appeal her conviction on any grounds. If the defendant's sentence of imprisonment does not exceed the top of the guideline range determined by the Court, the defendant also waives any right she may have to appeal her sentence on any grounds.

## 10. Collateral Review Waiver

The defendant retains the right to raise claims alleging ineffective assistance of counsel or prosecutorial misconduct, as long as the defendant properly raises

those claims by collateral review under 28 U.S.C. § 2255. The defendant also retains the right to pursue any relief permitted under 18 U.S.C. § 3582(c), as long as the defendant properly files a motion under that section. The defendant, however, waives any other right she may have to challenge her conviction or sentence by collateral review, including, but not limited to, any right she may have to challenge her conviction or sentence on any grounds under 28 U.S.C. § 2255 (except for properly raised ineffective assistance of counsel or prosecutorial misconduct claims, as described above), 28 U.S.C. § 2241, or Federal Rule of Civil Procedure 59 or 60.

**11.   Consequences of Withdrawal of Guilty Plea or Vacation of Judgment**

If the defendant is allowed to withdraw her guilty plea, or if the defendant's conviction or sentence under this agreement is vacated, the government may reinstate any charges against the defendant that were dismissed as part of this agreement and may file additional charges against the defendant relating, directly or indirectly, to any of the conduct underlying the defendant's guilty plea or any relevant conduct. If the government reinstates any charges or files any additional charges as permitted by this paragraph, the defendant waives her right to challenge those charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

**12.   Use of Withdrawn Guilty Plea**

The defendant agrees that if she is permitted to withdraw her guilty plea for any reason, she waives all of her rights under Federal Rule of Evidence 410, and the government may use her guilty plea, any statement that the defendant made at her guilty plea hearing, and the factual basis set forth in this agreement, against the defendant in any proceeding.

**13.   Parties to Plea Agreement**

This agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

**14.   Scope of Plea Agreement**

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations, understandings, or agreements between the parties concerning the subject matter of this agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to the defendant or to the attorney for the defendant at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this plea agreement. If the parties have entered, or subsequently enter, into a written proffer or cooperation agreement, though, this plea agreement does not supersede or abrogate the terms of that agreement. This plea agreement also does not prevent any civil or

administrative actions against the defendant, or any forfeiture claim against any property, by the United States or any other party.

**15.    Acceptance of Agreement by Defendant**

The government may withdraw from this agreement at any time before the defendant pleads guilty.

                                          DAWN N. ISON
                                          UNITED STATES ATTORNEY

_____      _____
John K. Neal                                             Meghan Sweeney Bean
Chief, White Collar Crime Unit             Assistant United States Attorney
Assistant United States Attorney

Dated: March 1, 2023

By signing below, the defendant and her attorney agree that the defendant has read or been read this entire document, has discussed it with her attorney, and has had a full and complete opportunity to confer with her attorney. The defendant further agrees that she understands this entire document, agrees to its terms, has had all of her questions answered by her attorney, and is satisfied with her attorney's advice and representation.

_____
Mark Magidson
Attorney for Defendant

Dated: 3/24/23

_____
Sharonda Griffin
Defendant